UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>     Plaintiff,<br> v.<br><br>NEXT STEP GROUP, INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>     Defendants. | Civil Case No. 1:23-cv-02545-ALC<br><br>**MCONFIDENTIALITY STIPULATION <u>AND</u> <u>PROTECTIVE ORDER</u>** |

 **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

 **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

 1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

 2. Counsel for any party may designate any document or information, in whole or in part, as Highly Confidential – Attorneys' Eyes Only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally not disseminated within the parties' organizations and only to employees who require access to such information to perform their duties. The dissemination of this proprietary information could result in improper use by business competitors. Information and documents designated by a party as Highly Confidential – Attorneys' Eyes Only will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO."

 3. The Confidential and/or Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

 4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,

the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential and/or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential and/or Highly Confidential Information.

5. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Officers directors or in-house counsel of the requesting party to whom disclosure is reasonably necessary for this instant action;

   b. The requesting party's outside counsel of record in this instant action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this instant action;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   e. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

   f. during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Order.

6. All documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO" shall not be disclosed to any person, except:

   a. The requesting party's outside counsel of record in this instant action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this instant action;

   b. Experts of the requesting party assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and who have signed the Agreement attached as Exhibit A;

   c. The Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court); and

        d.        the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7. Prior to disclosing or displaying the Confidential and/or Highly Confidential Information to any person, counsel must:

        a.        Inform the person of the confidential nature of the information or documents;

        b.        Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c.        Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential and/or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential and/or Highly Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance,

responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential and/or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. If the requesting party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" that party must (a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential and/or Highly Confidential Information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential and/or Highly Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a requesting party in this instant action to disobey a lawful directive from another court.

SO STIPULATED AND AGREED.

Dated: New York, New York
       October 26, 2023

SO ORDERED.

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4

## **Exhibit A**

## **Agreement**

     I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

     I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)