UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DECKERS OUTDOOR CORPORATION,

                       Plaintiff,                       **23-CV-2545 (ALC) (VF)**

         -against-                       **OPINION & ORDER**

NEXT STEP GROUP, INC., et al,
                       Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

Deckers Outdoor Corporation ("Deckers") brought this action alleging, in part, that Next Step Group, Inc. ("Next Step"), through its design, manufacture, importation, distribution, advertisement, marketing, and sale of certain footwear products, infringed four Deckers patents: U.S. Pat. Nos. D790,186 ("186 Patent"), D774,736 ("736 Patent"), D927,161 ("161 Patent"), and D927,160 ("160 Patent"). See ECF No. 1 ("Compl.") ¶¶ 12, 14, 17-20, 68-99.

On January 30, 2024, Next Step filed a petition for Inter Partes Review ("IPR") of one of Deckers' four patents, the 161 Patent, by the United States Patent Office's Patent Trial and Appeal Board ("PTAB"). See ECF No. 52 at 1 n.1. Before the Court is Next Step's motion to stay discovery in this action pending the result of any IPR proceeding before the PTAB. For the reasons set forth below, the motion is **GRANTED**, and this action is hereby stayed.

Additionally, on February 27, 2024, Deckers filed a motion requesting a discovery conference to address Next Step's failure to produce a witness for a deposition. See ECF No. 55. Given that discovery in this matter is now stayed, Decker's request is **DENIED** as moot.

## LEGAL STANDARD

"A federal district court has inherent power to stay an action pending inter partes review." Goodman v. Samsung Elecs. Am, Inc., No. 17-CV-5539 (JGK), 2017 WL 5636286, at

*2 (S.D.N.Y. Nov. 22, 2017); see also Murata Mach. USA v. Daifuku Co., 830 F.3d 1357, 1361 (Fed. Cir. 2016). Courts in this district consider three factors when deciding whether to grant a stay pending IPR: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." Id. (quoting Rovi Guides, Inc. v. Comcast Corp., No. 16-CV-9278 (JPO), 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017)). "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." Grecia v. MasterCard, Inc., No. 15-CV-9059 (RJS), 2017 WL 11566955, at *2 (S.D.N.Y. Apr. 3, 2017) (citing CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc., No. 12-CV-5660 (NSR), 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014)). The "burden is on the movant to establish that a stay is warranted." Goodman, 2017 WL 5636286, at *2.

## DISCUSSION

Each of the three factors here weigh in favor of a stay of discovery, as any IPR proceeding could potentially simplify the issues in this action, this case remains at a relatively early stage of litigation, and a stay pending IPR will not unduly prejudice Deckers.

IPRs were specifically established by Congress with the "policy goals of streamlining the patent process in general and in focusing patent enforcement litigation, thus limiting costs for all parties and preserving judicial resources." Am. Tech. Ceramics Corp. v. Presidio Components, Inc., No. 14-CV-6544 (KAM) (GRB), 2019 WL 365709, at *2 (E.D.N.Y. Jan. 30, 2019). Given those policy goals, "the better course is to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended." Synkloud Techs., LLC v. Cartessa Aesthetics, LLC, No. 21-CV-4423 (GRB) (JMW), 2022 WL 1046261, at *4 (E.D.N.Y. Apr. 6, 2022).

A. <u>IPR proceedings may simplify the issues in this action.</u>

As an initial matter, a stay is likely to simplify the issues in this case. If the PTAB, based on the prior art before it, invalidates the 161 Patent on the grounds of either anticipation, <u>see</u> 35 U.S.C. § 102, or obviousness, <u>see</u> <u>id.</u> § 103, for instance, such a determination would render a decision by this Court invalidating that same patent under 35 U.S.C. § 101 unnecessary, at least narrowing the issues before the Court regarding this claim. See <u>Kannuu Pty Ltd. v. Samsung Elecs. Co.</u>, No. 19-CV-4297 (ER), 2021 WL 195163, at *9 (S.D.N.Y. Jan. 19, 2021), <u>aff'd</u>, 15 F.4th 1101 (Fed. Cir. 2021). And if the 161 Patent were to survive, Next Step "will be estopped from challenging the validity of the claims on any ground that was 'raised or reasonably could have [been] raised' during the IPR proceedings." <u>Rovi Guides</u>, 2017 WL 4876305 at *3 (quoting 35 U.S.C. § 315(e)(2)). Moreover, the Court "will benefit from the PTAB's guidance on the construction of certain claim terms" and validity, and its expertise "in this complex field of art is likely to be of considerable assistance to the Court." <u>IOENGINE, LLC v. PayPal Holdings, Inc.</u>, No. 18-CV-452 (WCB), 2019 WL 3943058, at *10 (D. Del. Aug. 21, 2019).

Deckers takes issue with the fact that Next Step filed an IPR petition on only one of the four patents at issue in this litigation and one of nine claims. <u>See</u> ECF No. 53 at 1. But the 161 Patent for which IPR review is sought forms the basis of approximately half of the alleged damages claimed by Deckers here.

Deckers also argues that a stay should be denied because the PTAB has not granted the IPR petition, and there is no guarantee that the PTAB will grant the petition. While some courts have indeed "come to the conclusion that the factors relevant to a stay analysis cannot be meaningfully addressed until the PTO determines whether to institute an IPR[,]. . . that view does not appear to be the majority position in this Circuit." <u>Nike, Inc. v. Lululemon USA Inc.</u>,

3

No. 22-CV-00082 (RA) (OTW), 2023 WL 2214884, at *2 (S.D.N.Y. Feb. 24, 2023) (collecting cases) (internal quotation marks omitted). Courts in this district have granted a pre-institution request for a stay pending IPR. Id. (citing Molo Design, Ltd. V. Chanel, Inc., No. 21-CV-01578 (VEC), 2022 WL 2135628 (S.D.N.Y. May 2, 2022)). The PTAB must decide to institute an IPR within three months of the filing of the IPR petition. See 35 U.S.C. § 314(b). In other words, the Court will know by April 30, 2024 whether the PTAB has instituted an IPR, which is a relatively minor delay even if an IPR is not instituted. And if an IPR is instituted, the PTAB must issue a final decision within 12 months of the IPR being instituted. See 35 U.S.C. § 316(a)(11). That also is a minor delay given that the decision "will simplify the issues in this case and provide the Court with expert guidance in a complex area of law."' Molo Design, 2022 WL 2135628, at *3.

  B.  The action is at a relatively early stage of litigation.

The early stages of this litigation further weigh in favor of a stay. At this stage in the case, the parties have only engaged in limited, "Phase I," discovery, for purposes of aiding in settlement discussions that occurred on January 31, 2024. See ECF No. 42. Deckers only recently served written discovery requests, and as of February 14, 2024, no fact depositions had been noticed. See ECF No. 52 at 2. Beyond the deadlines set for Phase I discovery, there are no current deadlines for the close of fact discovery or expert discovery, a Markman hearing has not be scheduled, and a motion to dismiss was recently filed but has not been fully briefed. See ECF No. 56.

In granting a stay pending IPR in Molo Design, the Court observed that it was significant that "no depositions ha[d] been taken, expert reports ha[d] not been served, and the parties ha[d] yet to engage in related expert discovery." 2022 WL 2135628, at *4. The Court also emphasized that "a Markman hearing ha[d] not been held," and that "the Court ha[d] not issued a claim

4

construction order." Id. (citing Kannuu Pty Ltd., 2021 WL 195163, at *10). As in Molo Design, the parties have yet to take any depositions and certainly have not moved on to expert discovery. Discovery here is far from "substantially complete," which further weighs in favor of a stay pending IPR. Molo Design, 2022 WL 2135628, at *4.

   C. <u>A stay pending IPR will not prejudice Deckers.</u>

Lastly, a stay pending IPR proceedings will not unduly prejudice Deckers. Whether Deckers will be unduly prejudiced by a stay requires an examination of four factors: "(1) the timing of the review request; (2) the timing of the request for [a] stay; (3) the status of the review proceedings; and (4) the relationship of the parties." Rovi Guides, 2017 WL 4876305, at *4. "Mere delay does not constitute prejudice." Molo Design, 2022 WL 2135628, at *3.

As an initial matter, Deckers filed this suit in 2023 even though the accused products were introduced in 2020 or 2021 and despite the patents having been issued in 2016. See ECF No. 52 at 3. Deckers also did not seek a preliminary injunction. See VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1319 (Fed. Cir. 2014) (pointing to one-year delay in filing suit and failure to seek preliminary injunction as weighing against a finding of undue prejudice from a stay).

Moreover, Next Step filed its IPR petition within the statutory deadline and, as discussed, courts in this District have granted requests for a stay without waiting for the institution of the IPR. See, e.g., Goodman v. Samsung Elecs. Am., Inc., No. 17-CV-5539 (JGK), 2017 WL 5636286, at *3 (S.D.N.Y. Nov. 22, 2017). Finally, every accused product has been discontinued or redesigned (see ECF No. 54 at 2), and thus none of the accused products are "competing" in the market with Deckers' products, further weighing in favor of a stay. See CDX Diagnostics, 2014 WL 2854656 at *4 (explaining that whether the parties are "direct competitors" in the

marketplace is an important factor in determining whether a stay will cause undue prejudice). Given that Next Step has not continued to sell any of the accused products, a delay in adjudicating the alleged infringement allegations will not have outsized consequences" to Deckers, because there is no more "potential for loss of market share" or "erosion of goodwill." Id.

In sum, the circumstances as a whole weigh in favor of a stay of discovery pending IPR proceedings before the PTAB.

## CONCLUSION

For the foregoing reasons, Next Step's motion to stay discovery is **GRANTED**. The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 52 and 54. The parties are directed to file a joint status letter within ten days of the PTAB's decision concerning the institution of an IPR proceeding.

Lastly, Decker's request for a discovery conference is **DENIED** as moot. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 55.

SO ORDERED.

DATED:   New York, New York
         February 29, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge