UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DECKERS OUTDOOR CORPORATION,

                      Plaintiff,                      23-CV-2545 (ALC) (VF)

        -against-                      **ORDER**

NEXT STEP GROUP, INC., et al.,
                      Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

The Court held a conference on June 25, 2025, at which various discovery disputes were resolved on the record. Below are rulings for the disputes that were not resolved during the conference.

- Defendant's request that Plaintiff produce agreements (whether labeled "settlement," "license," "consent," etc.) relating to the claim construction, validity, infringement, ownership, enforceability, valuation, market makeup and size concerning the IP and/or products at issue in this case is granted. As it relates to settlement agreements, which was specifically discussed at the conference, courts deem the patentee's previous settlement agreements relevant to determining the value of the patent. See, e.g., Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC, 927 F.3d 1292, 1299 (Fed. Cir. 2019) (noting that "prior settlements can be relevant to determining damages"); Smith v. NBC Universal, No. 06-CV-5350 (SAS), 2008 WL 483604, at *4 (S.D.N.Y. Feb. 22, 2008) (stating that "evidence of the settlements and their amounts are relevant to a determination of the amount of statutory damages [because] settlements bear directly on the value of [the] claim"); Lifeguard Licensing Corp. v. Ann Arbor T-shirt Co., LLC, No. 15-CV-8459

(LGS), 2016 WL 5936887, at *2 (S.D.N.Y. Oct. 11, 2016) (affirming order compelling disclosure of plaintiff's settlement agreements in trademark case).

- Defendant requests (ECF No. 128) and is granted permission to file a sur reply in their claim construction briefing to address the limited issue of functionality. After a meet and confer, the parties should propose a revised discovery schedule to the Court.

- Plaintiff contends that Defendant refuses to produce a privilege log and has waived any claim of privilege. ECF No. 126 at 2; ECF No. 117. At the conference, Defendant's counsel indicated that he believed Defendant did not have any privileged communications prior to the commencement of the lawsuit, but would confirm that Defendant was not withholding any documents on that basis. Defendant is directed to inform Plaintiff by July 31, 2025, whether it is withholding any responsive documents on the basis of attorney-client privilege for communications that predated the commencement of this suit. As it pertains to documents after the commencement of this lawsuit, Defendant's counsel confirmed that they have not logged those documents on a privilege log, consistent with Plaintiff's position that it also would not log privileged communications that took place after the commencement of the suit. It is not uncommon for parties to provide a privilege log that does not include communications with counsel that occurred after the commencement of the lawsuit. See, e.g., Safety Management Systems v. Safety Software Ltd., 2011 WL 4898085, at *5 (S.D.N.Y. Oct. 5, 2011) (noting that litigation counsel "often stipulate informally that neither party need prepare a privilege log with respect to communications with litigation counsel that occurred after the lawsuit commenced"). Plaintiff nevertheless argues that Defendant's refusal to provide a privilege log amounts to waiver of the privilege. ECF No. 117 at 2. But as discussed at the conference, this appears to be an attempt by Plaintiff to avoid the Court's prior ruling that documents concerning Defendant's advice of counsel defense do not need to be produced until "no later than 30 days after entry of an order ruling on claim

2

construction." ECF No. 113. On this record, there is no basis for finding that Defendant failed to properly assert the privilege and thus waived it.

- Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 37 against Defendant, arguing that Defendant's witnesses have failed to appear at properly noticed depositions. ECF No. 122. As discussed at the conference, Defendant will produce Mr. Dushey for a deposition at a date to be agreed upon once document discovery in this case is completed, so that Mr. Dushey can be deposed only once. Further, Plaintiff's request for sanctions is denied as it appears from the record that Defendant did not refuse to produce either witness for a deposition. Instead, Defendant was attempting to meet and confer with Plaintiff about alternate dates for the deposition and discovery issues that had to be resolved prior to the depositions, and did not seek a protective order because Defendant reasonably believed that Plaintiff was amenable to moving the date of the deposition. In short, Defendant's conduct here was substantially justified. See ECF No. 123 at 1-2.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 115, 122, 126, 127, 129.

**SO ORDERED.**

DATED:   New York, New York
         June 30, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge